UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICA F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-850-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing one medical opinion. (Dkt. # 11 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1990, has a high school diploma, and has worked as a grocery store deli worker, fast-food manager, and casino restaurant server. AR at 177. Plaintiff was last gainfully employed in 2017. *Id.*

In May 2019, Plaintiff applied for benefits, alleging disability as of August 10, 2016. AR at 159-60. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id.* at 94-96, 98-102. After the ALJ conducted a hearing in December 2020 (*id.* at 39-70), the ALJ issued a decision finding Plaintiff not disabled before her date last insured ("DLI"), June 30, 2019. *Id.* at 20-34.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 6-11. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 2

IV.   DISCUSSION

Dean Williams, M.D., Plaintiff's treating physician, completed a form opinion in December 2019 indicating that, *inter alia*, Plaintiff could occasionally lift 10 pounds and frequently lift less than 10 pounds, could stand/walk less than two hours in an eight-hour workday, and could sit less than six hours in an eight-hour workday. AR at 814-20. Dr. Williams also found that Plaintiff could occasionally climb ramps and stairs, balance, and stoop, but could never climb ladders/rope/scaffolds, kneel, crouch, or crawl. *Id*. at 816.

The ALJ found Dr. Williams's opinion unpersuasive because: (1) it was written months after Plaintiff's DLI, "and is therefore of limited relevance to the claimant's functioning during the period at issue"; and (2) Dr. Williams's conclusions are inconsistent with the records dating to the adjudicated period, which show that Plaintiff did not require crutches for ambulation and did not have other significant deficits in physical functioning. AR at 31-32. The ALJ acknowledged that Dr. Williams's opinion was well-supported with references to clinical findings, and that she agreed that Plaintiff had reaching limitations on the left, but otherwise found Dr. Williams's opinion to be inconsistent with evidence dating to the adjudicated period. *Id*. at 32.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends that the ALJ's consistency finding is erroneous because Dr. Williams explicitly referenced evidence dating to the adjudicated period, which indicates that although he

ORDER - 3

completed his form opinion after Plaintiff's DLI, the opinion nonetheless refers back to her functioning during the adjudicated period and thus should not have been discounted based on timing. (Dkt. # 11 at 4-5.) As support for this argument, Plaintiff cites Dr. Williams's reference to Plaintiff's left shoulder rotator cuff tendinopathy diagnosed via ultrasound in April 2018, as well as her April 2019 lumbar MRI showing disc herniation with displacement of the left L5 nerve root, and her use of crutches to ambulate. (*Id*. (citing AR at 815).)

But Dr. Williams's reference to various conditions diagnosed during the adjudicated period does not establish that those conditions resulted in the functional limitations identified by Dr. Williams during the adjudicated period. For example, the ALJ found that Plaintiff's lumbar spine condition was not severe at step two due to Plaintiff's lack of treatment for or complaints of lumbar problems during the adjudicated period (AR at 24), and Plaintiff did not challenge that finding, which undermines Plaintiff's contention that her lumbar spine condition caused disabling limitations during the adjudicated period. Plaintiff herself acknowledges that the evidence supporting her allegations of back pain during the adjudicated period is "scant" (dkt. # 11 at 6-7) and does not explain why this dearth of evidence must be construed as supporting the existence of disabling limitations. The ALJ reasonably found that minimal evidence of back complaints/treatment during the adjudicated period undermined Plaintiff's allegation of disabling back-related limitations, and the Court finds no error in that interpretation. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ also acknowledged that Plaintiff was diagnosed with left shoulder rotator cuff tendinopathy during the adjudicated period and found that the evidence confirmed that Plaintiff

ORDER - 4

would have reaching limitations with her left arm (AR at 31, 32), but the ALJ also cited findings of improvement with treatment and full arm strength and normal sensation on testing. *Id*. at 29-30 (citing *id*. at 265-66, 290-91, 591-92). Dr. Williams did not point to objective clinical findings that corroborate the limitations he identified, and the ALJ's decision cites objective evidence that can be reasonably found inconsistent with Dr. Williams's opinion that Plaintiff had limited function of her left arm beyond those limitations acknowledged by the ALJ.

For these reasons, the Court finds that Dr. Williams's reference to Plaintiff's diagnoses made during the adjudicated period does not undermine the ALJ's assessment of Dr. Williams's opinion. The ALJ cited substantial evidence supporting her finding that those conditions did not result in disabling limitations during the adjudicated period.

Furthermore, although Dr. Williams also referenced Plaintiff's use of crutches for ambulation as support for his conclusions, the ALJ noted that Plaintiff was not prescribed crutches until after the adjudicated period and Plaintiff did not challenge this finding. *See* AR at 29 (citing *id*. at 933). The ALJ reasonably found that because Plaintiff did not require crutches for ambulation during the adjudicated period, Dr. Williams's reference to Plaintiff's crutches suggested that his opinion was based on post-DLI evidence and did not reflect Plaintiff's functioning during the adjudicated period. *See id*. at 32.

For all of these reasons, Plaintiff has failed to satisfy her burden to show that the ALJ harmfully erred when finding Dr. Williams's opinion inconsistent with the medical evidence dating to the adjudicated period and discounting it on that basis.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 12th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6